**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GURPREET SINGH** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1181-R** |
| | ) | |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY et al,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Gurpreet Singh, a noncitizen[1] and citizen of India, proceeding with counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). Petitioner also filed an Emergency Motion for Temporary Restraining and Request for Immediate Release. (ECF No. 5).[2] Respondents field a response and Petitioner filed a reply. (ECF Nos. 15 & 16). United States District Judge David L. Russell referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Petition be **GRANTED** in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] If this recommendation is adopted, the Court should terminate this motion as moot.

§ 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

## I. BACKGROUND AND PETIITONER'S CLAIM

Petitioner, a citizen of India, entered the United States on September 23, 2022, without inspection. (ECF No. 1:1). Sometime thereafter, Petitioner filed an application for asylum. (ECF No. 1:1). On May 18, 2026, following a traffic stop, Petitioner was arrested and taken into the custody of Immigrations Customs and Enforcement (ICE) officials who then placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, charging him with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) as someone who entered the United States without having been admitted or paroled. (ECF No. 1:2). Petitioner was taken into custody and is currently detained at the Rio Grane Detention Center in Laredo, Texas.[3]

In the Petition, Mr. Singh asserts five claims for relief: (1) a violation of his Fifth Amendment right to substantive Due Process; (2) a violation of his Fifth Amendment right to procedural Due Process; (3) a violation of the Immigration and Nationality Act (INA); (4) a violation of the Administrative Procedures Act; and (5) a violation of the Fourth

[3] *See* https://locator.ice.gov/odls/#/results (last visited July 15, 2026). At the time counsel for Mr. Singh filed the habeas Petition, his client was detained in the Diamondback Correctional Facility in Watonga, Oklahoma, within this Court's jurisdiction, which attached on filing and still exists to adjudicate the current matter. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

Amendment. (ECF No. 1:14-22). Petitioner asks the Court to immediately release him, and he also requests declaratory and injunctive relief. (ECF Nos. 1:22 & 16). Finally, Petitioner requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] (ECF No. 1:22).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. RESPONDENTS VIOLATED PETITIONER'S RIGHTS UNDER THE INA

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding

---

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is detained pursuant to § 1226(a). (ECF No. 1:18-19). Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A), while recognizing that recent Tenth Circuit law "compels a different outcome." (ECF No. 15:1 n.2). The parties' dispute boils down to whether Petitioner qualifies as an "arriving alien" subject to mandatory detention under Section 1225 or not. When Petitioner was arrested in 2026, he was apprehended in the interior of the country and had been living in the United States for approximately 27 years. *See supra*. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." On June 30, 2026, the Tenth Circuit Court of Appeals decided *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709. There, the court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances. *See also Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (under § 1225(b)(1) "someone arriving in the United States is someone who has reached the border or a port of entry" and "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen arriving in the United States." (citation modified). As such, Petitioner's current detention is not governed by § 1225(b)(1).

Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892 (W.D. Okla. July 8, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.[5] As such, and because Petitioner has not been granted the bond hearing provided in that statute, he has shown that he is in custody in violation of the laws of the

---

[5] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13; *Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892 at *1 (collecting cases).

## VI. PETITIONER'S REMAINING CLAIMS

Petitioner also alleges violations of his procedural and substantive rights to Due Process, the Fourth Amendment, and the Administrative Procedures Act. *See supra*. If the Court grants Petitioner a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of his remaining claims based on his continued detention. *See*, *e.g.*, *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **July 23, 2026**. If a party wishes to respond to the other party's objections, such response

must be filed not later than **July 27, 2026**. *See id*. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on July 16, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE