## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

GURPREET SINGH,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )        Case No. CIV-26-1181-R
                                         )
WARDEN OF DIAMONDBACK                    )
CORRECTIONAL FACILITY, et al.,           )
                                         )
            Respondents.                 )

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting his detention by U.S. Immigration and Customs Enforcement violates the Immigration and Nationality Act, his Fifth Amendment Due Process rights, the Administrative Procedure Act, and the Fourth Amendment [Doc. No. 1]. As relief, he seeks his immediate release and declaratory and injunctive relief.[1] The matter was referred to United States Magistrate Judge Shon T. Erwin who issued a Report and Recommendation [Doc. No. 17] recommending this Court grant in part Petitioner's Petition and order Respondents to provide Petitioner with a prompt bond hearing pursuant to 8 U.S.C.

---

[1] Since filing his Petition, Petitioner has been transferred from the Diamondback Correctional Facility in Watonga, Oklahoma to the Rio Grande Detention Center in Laredo, Texas. However, in the absence of persuasive argument or authority to the contrary from either party, the Court finds "venue is appropriate here because Petitioner filed the Petition while he was detained in this judicial district." *Leonardo G.Z. v. Noem*, 820 F. Supp. 3d 1245, 1252 (N.D. Okla. 2025); *see also Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015) (unpublished) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004)) (finding the District of Colorado "acquired jurisdiction when [the petitioner] filed his habeas petition while incarcerated" within the District of Colorado, and his "transfer does not defeat that original jurisdiction").

1

§ 1226(a). Respondents filed an Objection [Doc. No. 18], triggering de novo review of those portions of the Report to which a specific objection is made.[2] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents acknowledge that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter and dictates that § 1226(a) governs Petitioner's detention.[3] The Court agrees with Judge Erwin's finding that Petitioner's detention is pursuant to § 1226(a).

Respondents request, in accordance with Judge Erwin's Report, that this Court decline to consider Petitioner's due process, APA, and Fourth Amendment claims. They also request any relief be limited to ordering Respondents to provide Petitioner with a bond hearing.

The Court agrees with Judge Erwin's finding that the proper remedy is an individualized bond hearing under § 1226(a). *See Santillan Quiroz*, 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226— namely, an individualized bond hearing before an IJ."). And, "[b]ecause the Court grants

---

[2] Petitioner did not file an Objection.
[3] Respondents state they do not waive appellate review or concede *Quiroz* was correctly decided.

habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claims." *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 483650, at *2 (W.D. Okla. Feb. 20, 2026). The Court also declines to address Petitioner's APA and Fourth Amendment claims.

Accordingly, the Report and Recommendation of Judge Erwin is ADOPTED. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period.[4] Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 12th day of August, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] In accordance with Judge Erwin's recommendation, to which no party objected, Petitioner's Emergency Motion for Temporary Restraining Order and Request for Immediate Release [Doc. No. 5] is DENIED AS MOOT.

3